# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MARK WATKINS, | CV F 06-1619 AWI DLB HC |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS TIME BARRED; RESPONSE DUE WITHIN THIRTY DAYS FROM THE DATE OF SERVICE |
| v. | |
| M. KNOWLES, Warden | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant petition on November 13, 2006.

### DISCUSSION

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Statute of Limitations

The Ninth Circuit has held that a district court may raise the statute of limitations sua

1

sponte and dismiss the petition on those grounds. Herbst v. Cook, 260 F.3d 1039, 1041-42 (9th Cir.2001)(indicating that once a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate response).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on October 14, 2004, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted February 24, 1986. Although Petitioner provided a copy of the appellate briefs filed in the California Supreme Court and Court of

Appeal, Petitioner did not provide a copy of the state court decisions. The brief filed in the California Supreme Court is dated October 21, 1987, nearly twenty years ago. The Supreme Court has clearly issued its decision in that case; however, Petitioner has not provided a copy of the decision or indicated the date of the decision. The statute of limitations begins to run when the ninety (90) day period for seeking review in the United States Supreme Court has expired.[1] Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999) (concluding period of "direct review" includes the period within which one can file a petition for a writ of certiorari in the United States Supreme Court); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would have one year from that date, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. See, Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.) Because Petitioner was convicted over twenty (20) years ago and the brief was filed in the California Supreme Court in October 1987, the Court presumes direct review concluded long before the instant petition was filed.

       1.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[2] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999);

---

[1] Cal.R.Ct. 24(a) providing that an order of the Supreme Court denying a petition for review of a decision of a Court of Appeal becomes final when it is filed.

[2] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

1  Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the
2  limitations period during the time a petitioner is preparing his petition to file at the next appellate
3  level reinforces the need to present all claims to the state courts first and will prevent the
4  premature filing of federal petitions out of concern that the limitation period will end before all
5  claims can be presented to the state supreme court.  Id. at 1005.  The limitations period, however,
6  will not toll for the time a petition for writ of habeas corpus is pending in federal court.  Duncan
7  v. Walker, 533 U.S. 167 (2001).

   Petitioner does not provide any information or documents indicating that collateral review
   was sought; therefore, the Court presumes that Petitioner only sought direct review in 1987.

   2. Equitable Tolling

   The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1)
   that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance
   stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department
   of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541
   (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert
   denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to
   tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac.
   Enters., 5 F.3d 391, 395 (9th Cir.1993).

   Petitioner does not provide any basis to equitable toll the limitations period.  Thus, in the
   absence of statutory or equitable tolling, the Court is left to conclude that the instant petition is
   untimely and should be summarily dismissed.  If Petitioner believes that the instant petition is not
   time-barred, Petitioner must provide the Court with sufficient information to make that
   determination.  More specifically, Petitioner must provide the name of the courts to which review
   was sought, the specific dates of such review, the claims raised at each court, and if available, a
   copy of each appellate brief or petition filed in the state courts, along with a copy of any decision.
   Without such information, the Court has no alternative but to conclude that the instant action is
   time-barred.

   ///

<u>ORDER</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Petitioner is ORDERED to SHOW CAUSE why the instant petition should not be dismissed for violating the limitations period of 28 U.S.C. § 2244(d); and
2. Petitioner is forewarned that his failure to comply with this order will result in the dismissal of the petition pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   May 15, 2007**                         **/s/ Dennis L. Beck**
                                                                 UNITED STATES MAGISTRATE JUDGE